## Case No. 8,661.

### McBRATNEY v. USHER.

[1 Dill. 367.][2]

Circuit Court, D. Kansas. 1870.

REMOVAL OF CAUSES—PAPERS TO BE FILED—PROCESS.

1. In a case removed from a state court to the United States court under section 12 of the judiciary act [1 Stat. 79], it is incumbent on the party who applies for the removal, to file in the latter court, not only a copy of the summons, or other process, but also of the declaration, petition, or bill, the petition for the removal, and the order, if any was made, of the state court thereon.

[Cited in Woolridge v. McKenna, 8 Fed. 667; Kansas City & T. Ry. Co. v. Interstate Lumber Co., 36 Fed. 11.]

2. The word "process," used in this section, is equivalent in meaning to the word "proceedings." Arguendo, per Dillon, Circuit Judge.

3. The practice of the court in causes thus removed, stated.

Motion by the plaintiff to remand the cause to the state court from which, on the petition of the defendant, Usher, it was removed into this court. The facts pertaining to the motion are these: On the first day of the present term, Usher entered in this court a certified copy of the summons, or process, by which the action was commenced in the state court, and of the returns thereon. No copy of the declaration, or of the petition for the removal, nor of any other paper, is filed in this court. Although both parties concede in argument that an order for the removal of the cause was made by the state court upon the petition of Usher, yet no certified or other copy of this order is here produced, entered, or filed. In a word, there is noth-

[1] [Reported by Hon. William Cranch, Chief Judge.]

[2] [Reported by Hon. John F. Dillon, Circuit Judge, and here reprinted by permission.]

ing at present on the files of this court but a copy, properly certified, of the summons and the returns of the sheriff thereon. These show that the plaintiff commenced, in one of the state courts of Kansas, an action against the Kansas Pacific Railway Company and John P. Usher, as defendants; and that the railway company was not served with process, but that Usher was. The plaintiff is stated to be a citizen of Kansas. The ground of the present motion to remand is, that the railway company is a corporation created by the state of Kansas, and therefore a citizen thereof, and the defendant, Usher, although a citizen of Indiana, is not entitled to have the cause removed. The right to a removal is based on section 12 of the judiciary act.

Mr. Wheat, for the motion.

Mr. Usher, for himself, contra.

Before DILLON, Circuit Judge, and DELAHAY, District Judge.

DILLON, Circuit Judge. It is conceded that the order for the removal was made under section 12 of the judiciary act. The ground of the motion to dismiss the cause from this court, and to remand it to the state court, is, not that the party procuring the removal has not brought into the court the proper copies of process and proceedings in the court which ordered the transfer, but simply that since there were two defendants, one (the railway company) being a citizen of the state, and the other not, the non-resident defendant was not entitled, under this section of the judiciary act, to have the cause removed. If at the time the order for the removal was made there were two such defendants, it is true, according to the settled construction of the act of 1789, that one of the defendants, though a non-resident, would not have a right to have the cause transferred to the federal court. With the act of July 27, 1866 [14 Stat. 306], giving, under certain circumstances, the non-resident defendant such a right, we have nothing to do. But we do not know from anything now before us that there were two defendants to the cause when the order for the removal was made. Two are named it is true, in the summons, but only the defendant who procured the removal seems to have been served; and the cause may, for aught now appearing, have been dismissed as to the other defendant, the railway company. If it be conceded that this company is a resident corporation, and that the court can judicially notice it to be such, still, for the reason above suggested, there is nothing showing the removal to have been improperly ordered. The motion, on the ground on which it is made, is not well taken, but for the reasons below given, it will be denied, with leave to renew it, if the plaintiff shall be so advised.

The circumstances of the case suggest the inquiry, what is required of the party who procures the removal of a cause to this court under section 12 of the judiciary act, in respect to entering herein copies of the papers filed, and proceedings had in the state court. Assuming the citizenship and amount to be such as to give the right of removal to the non-resident defendant, what must he afterwards do in order to comply with the requirements of the act? It will be recollected that he must apply for the removal before plea or answer, and when there can at most be on file in the state court the summons or other process by which the suit was commenced and the declaration, petition, or bill of complaint. The act requires the defendant to "file a petition for the removal of the cause," and this should state the grounds on which the party rests his right to the removal, and, in connection with the pleadings, should show affirmatively, that such right exists. If the right to a removal is not thus made to appear, the application snould be denied by the state court; and if improperly granted, the cause must be dismissed or remanded by the circuit court. Not only is the party to file such a petition, but he must also "offer good and sufficient surety for his entering in such court, on the first day of its session, copies of said process against him;" * * * "and the said copies being entered as aforesaid, in such court of the United States, the cause shall there proceed in the same manner as if it had been brought there by original process."

In the course of the argument the defendant contended that the act did not require him to cause to be transmitted to this court a copy of the declaration, or of the petition for removal, or of the order of the state court thereon, but it is sufficient to enter, without more, a copy of the summons, and afterwards declare anew under the rules and practice of the court. It is our opinion upon an examination of the whole of section 12 of the judiciary act, that the party who obtained the removal should procure and enter in the circuit court a transcript or certified copy of the summons or other like process, and also of the first pleading filed by the plaintiff, whether a declaration, petition, or bill; and also of the petition for the removal, and any order of the state court thereon.

The language of the act is that if "a suit be commenced in any state court," etc., and the non-resident defendant petitions for the removal, and offers surety for entering in the federal court "copies of said process against him," etc., the state court shall proceed no further in the cause "and the said copies being entered as aforesaid," the cause shall proceed as if brought in the United States court by original process.

It is argued that the word "process" refers to the summons or original writ, and that it is sufficient to enter a copy of this, without more. But our opinion is otherwise. The phrase "said process" refers to the "suit

commenced;" and as here used, the word "process" is equivalent to the word "proceedings." The word "process" is used as synonymous with the word "proceedings" in the first process act of September 29, 1789 (1 Stat. 94, § 2), passed only five days after the judiciary act. This circumstance tends to confirm the view above suggested, but its correctness may, perhaps, be more satisfactorily shown by other considerations.

If it be sufficient, as maintained by the defendant, simply to file or enter a copy of the original process, how, let it be asked, is the United States court to know that any order of removal was ever made or denied by the state court? for such a copy cannot of course, give any information on these points. If a copy of the original declaration or pleading on the part of the plaintiff is not required to be entered in the circuit court, how is that court to know what the "matter in dispute" is, or its value? and if a new declaration, or petition, or bill be filed, how is it to know that it is the same matter which was set up in the like pleadings filed in the state court? If a copy of the petition for removal is not required, how is the court of the United States to know whether it made a case entitling the party to a removal and authorizing it to take jurisdiction? Since, then, it is absolutely necessary that one of the parties should put the United States tribunal in possession of these data, it is reasonable to construe the act to require this to be done by the party who sought the removal, and not by his adversary.

The practice of the court will be conformable to these views. It will also be the practice that when the party applying for the removal shall fail, within the time prescribed by statute, to enter a complete transcript of the papers and proceedings in the state court, to permit the adverse party to file the same or the omitted parts thereof, unless cause be shown to the contrary, and the suit will stand and be proceeded in, the same as if all the papers had been filed by the applicant for removal, or in such manner as may be otherwise ordered by the court.

Guided by these suggestions, the parties may take such further steps as they see fit, and meantime the motion to remand will stand denied, with leave to renew it on other grounds before, or on the same grounds after, a certified copy of the papers and proceedings in the state court shall have been entered or filed herein. Ordered accordingly.

NOTE. See Sweeney v. Coffin [Case No. 7,686], construing other provisions of section 12 of the judiciary act, as to the right to remove, and construction of various statutes on that subject. See, also, Sands v. Smith [Case No. 12,305]; Case v. Douglas [Id. 2,491]; Webster v. Crothers [Id. 17,334]; Garden City Manuf'g Co. v. Smith [Id. 5,217]; Beecher v. Gillett [Id. 1,225]. Under the act of July 27, 1866, defendants claiming the right of removal need not

join, but may apply separately as they are served with process or otherwise brought into court. Fisk v. Union Pac. R. Co. [Cases Nos. 4,827, 4,828], South. Dist. N. Y., per Nelson and Blatchford, JJ.

McBRATNEY (USHER v.). See Case No. 16,805.